**PLC MEDICAL SYSTEMS, INC., Plaintiff,**

v.

**ECLIPSE SURGICAL TECHNOLOGIES, INC., Defendant.**

**Civil Action No. 96–40026–NMG.**

United States District Court, D. Massachusetts.

Sept. 22, 1997.

Heidi E. Harvey, Jennifer T. Miller, Lawrence K. Kolodney, Fish & Richardson, Boston, MA, Arnold P. Lutzker, Molly Mosley-Goren, Fish & Richardson P.C., Washington, DC, for Plaintiff.

Gerald P. Dodson, David L. Bilsker, James F. Valentine, Daniel T. Shvodian, Arnold, White & Durkee, Menlo Park, CA, James J. Foster, Christopher S. Schultz, Wolf, Greenfield & Sacks, Boston, MA, for Defendants.

### MEMORANDUM AND ORDER

GORTON, District Judge.

On January 3, 1997, this Court issued an order denying a motion for a preliminary injunction filed by plaintiff, PLC Medical Systems, Inc. ("PLC"). In that order, this Court invited PLC to provide it with authority to enter an order requiring the defendant, Eclipse Surgical Technologies, Inc. ("Eclipse"), to notify the Food & Drug Administration ("FDA") of certain actions Eclipse undertook in response to the initiation of this suit by PLC. Accordingly, PLC filed a second motion for preliminary injunction on March 21, 1997 in an effort to address the notification requirement. For the reasons set forth in this memorandum and order, that motion will be denied.

Although it may indeed be "fitting and appropriate for Eclipse to notify the FDA" of its actions with respect to the protocol at issue, PLC cites no persuasive authority for requiring a party to communicate with a federal agency except the inherent equitable authority this Court may have if PLC satisfies the four prerequisites for issuance of a preliminary injunction.[1]

PLC cites two cases in support of its renewed motion. *See Abbott Laboratories v. Novopharm Limited,* 104 F.3d 1305 (Fed.Cir. 1997) (ordering, in a final judgment, a losing party to remove an expired patent from an FDA publication); *WPOW Inc. v. MRLJ Enterprises,* 584 F.Supp. 132 (D.D.C.1984) (after plaintiff met all the requirements of a preliminary injunction, ordering that a copied engineering report be impounded until a final disposition was determined). Both cases are distinguishable from the case at hand because *Abbott Laboratories* involved a final judgment and *WPOW* involved a plaintiff which had independently met all the requirements for a preliminary injunction.

PLC's current motion is actually a renewed motion for a preliminary injunction in which PLC addresses the same validity issues that Eclipse brought to the Court's attention at the original hearing. Specifically, PLC has received assignments from all of the contributors to its protocols except from one author (Dr. Mannting) who wants the information he contributed to be part of the public domain.[2] PLC argues again, therefore, that Eclipse has infringed its copyright, unfairly used the copied information and unnecessarily used PLC's wording in its protocol.

This Court declines to revisit its denial of PLC's motion for preliminary injunction based upon the proffered, new information.[3] Because PLC cites no authority requiring Eclipse to inform the FDA why it revised its protocol, which Eclipse claims was done only out of an abundance of caution and should not be punished under the doctrine of Fed. R.Evid. 407 in that it was a remedial measure, this Court will deny PLC's second motion for a preliminary injunction.

### ORDER

For the reasons stated in the memorandum, the plaintiffs' second motion for a preliminary injunction is DENIED.

1. The relevant portion of the Order is as follows:

PLC requested at oral argument, that this Court direct Eclipse to inform the Food & Drug Administration about the circumstances surrounding the submission of its first "protocol" ... and the replacement of that protocol with a supplemental protocol. If PLC chooses to reduce its oral motion to writing and cites this Court to authority for so acting, this Court will likely allow it.(FN1)

(FN1) This Court considers that in the interest of justice and the public, it would be fitting and appropriate for Eclipse to notify the FDA that:
1) part of its original protocol was taken from a five-page document that apparently was not authored by Eclipse;

2) part of its submission was a drawing of a heart that was apparently taken from PLC's protocol; and
3) Eclipse's revised protocol was submitted, at least in part, because a portion of its original protocol was substantially identical to PLC's previously filed protocol.

Memorandum and Order dated 1/3/97 at p. 1–2.

2. PLC no longer presses its claim with respect to the protocol to which Dr. Mannting contributed.

3. Even if it did so, it would find that PLC has not met its burden of proving irreparable harm and therefore is not yet entitled to a preliminary injunction.